

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:16-885-MGL-5 |
| | § | |
| JOSE LIVAN RODRIGUEZ ESPINOSA, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

## I.    INTRODUCTION

Pending before the Court is Defendant Jose Livan Rodriguez Espinosa's (Espinosa) motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Espinosa pled guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349.

The Court later held him in breach of his plea agreement for violation of his bond conditions, and thus released the government from its obligations under the agreement.

At sentencing, the Court applied $500 loss per credit card to hold Espinosa responsible for $4,150,000.00 in loss. Based on that calculation, the Court determined a total offense level of thirty-seven. This resulted in a guideline sentence of 210 to 240 months when coupled with his Criminal History Category of I.

The Court granted Espinosa's motion for departure and sentenced him to 108 months.  The Court also imposed a three-year-term of supervised release and $142,758.43 in restitution. Espinosa currently has a projected release date of January 24, 2025.

After Espinosa filed his motion, the government responded, and Espinosa replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.


### III.    STANDARD OF REVIEW

After a defendant has exhausted his administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]"  *Id.* § 3582(c)(1)(A).   As of November 1, 2023, United States Sentencing Guideline (U.S.S.G) § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors.  *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

IV.    **DISCUSSION AND ANALYSIS**

As an initial matter, Espinosa has exhausted his administrative remedies.  The Court thus turns to the merits of his motion.

A.     ***Whether Espinosa presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)***

Espinosa contends the Court arbitrarily increased his loss amount by using an arbitrary, fixed amount per credit card, resulting in an inflated guideline sentence.  The government posits compassionate release is the improper vehicle for the relief Espinosa seeks.

To the extent Espinosa argues his guideline sentence was incorrectly calculated at the time of sentencing, the Fourth Circuit has held "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence" in cases where the defendant argues it was invalid upon imposition, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements."  *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

In limited circumstances, a defendant may also request such relief via 28 U.S.C. § 2241. *See United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018) ("The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e)).

In any event, compassionate release is the improper mechanism for such arguments.

And, to the extent Espinosa contends the law has changed since his sentencing, the guidelines have been amended to specify, except when concerning an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made

retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."  U.S.S.G. § 1B1.13(c).

In the case of an unusually long sentence, the defendant must have served at least ten years, and the change in law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]"  *Id.* § 1B1.13(b)(6).

Here, as stated above, Espinosa was sentenced to 108 months.  Thus, inasmuch as his sentence is less than ten years, he is unable to satisfy the ten-year requirement set forth in § 1B1.13(b)(6).  Even assuming the law has changed in Espinosa's favor, therefore, he has failed to show extraordinary and compelling reasons.

### B.    *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence*

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Espinosa's sentence.  *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Espinosa pled guilty to a serious offense.  Through the scheme, he victimized hundreds of individuals, as well as businesses.  Moreover, he continued to use illegal substances while on bond, testing positive on multiple occasions for benzodiazepine.  And, multiple co-defendants identified Espinosa as continuing to engage in credit card fraud while on bond.  Together, this conduct resulted in the Magistrate Judge revoking bond.

Overall, Espinosa's 108-month sentence fails to create any unwarranted disparity among defendants in similar circumstances.  Although this sentence is higher than his co-defendants, it is commensurate with his culpability and his individual circumstances.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate.  Espinosa's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case.  The Court will therefore deny Espinosa's motion for compassionate release.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Espinosa's motion for compassionate release, ECF No. 1204, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 26th day of February 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE